**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**Northern Division**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 26 2026
TAMMY H. DOWNS, CLERK
By: [signature]
DEP CLERK

---------------------------------------------------------------------x

Michael Witt,

Plaintiff,

**Case No.:** 3:26-cv-00181-LPR

-against-

**DEMAND FOR JURY TRIAL**

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

Berman & Rabin, P.A.

Defendant(s).

---------------------------------------------------------------------x

## COMPLAINT

Plaintiff Michael Witt brings this Complaint, by and through his attorneys, against Defendant Berman & Rabin, P.A. ("B&R"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ 1692(b) and 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Arkansas, County of Poinsett

8. Defendant B&R is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served in Arkansas c/o Incorp Services, Inc., located at 4250 N Venetian Lane, Fayetteville, AR, 72703.

9. Upon information and belief, Defendant B&R is a company that uses the mail, telephone,

and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats the above paragraphs as if set forth here.

11. Some time prior to November 18, 2025, an obligation was allegedly initially incurred by Plaintiff to Safe Haven Security Services, LLC ("Safe Haven").

12. Plaintiff disputes that all or part of this debt is a valid debt.

13. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

14. The alleged Safe Haven obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Safe Haven is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

16. Upon information and belief, Safe Haven contracted with Defendant to collect the alleged debt.

17. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

### *Violation #1: Filing a Debt Collection Lawsuit in an Improper Judicial Venue*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

21. On or about November 18, 2025, Defendant transmitted an initial communication to the Plaintiff via email regarding an alleged debt owed to Safe Haven Security Services, LLC. ***See* Exhibit A.**

22. This initial correspondence from November 2025 referenced Plaintiff's correct residential address in Trumann, AR, confirming that Defendant had actual knowledge of Plaintiff's proper address in its internal records.

23. Despite possessing the correct address, Defendant filed a lawsuit against Plaintiff on or about March 10, 2026, in the Circuit Court of Lawrence County, Arkansas. ***See* Exhibit B.**

24. This venue was based on a prior and address of 348 Hilltop Drive, Black Rock, AR 72415, located within Lawrence County.

25. Paradoxically, the Complaint filed by Defendant explicitly included the underlying Alarm Services Contract see "Exhibit B," which clearly lists the Plaintiff's correct address in Trumann, AR.

26. Trumann, Arkansas, is located in Poinsett County, not Lawrence County.

27. By filing a lawsuit in a judicial district other than where the consumer signed the contract or where the consumer resided at the time the action was commenced, Defendant willfully violated the mandatory venue provisions of 15 U.S.C. § 1692i.

28. This wrongful filing forced Plaintiff to dedicate significant personal time and resources to determine how to defend a distant lawsuit.

*Violation #2: Deceptive Duplicate Notice and False "No Attorney Review" Claims*

29. On April 1, 2026, Defendant sent Plaintiff a second "initial" collection letter via email (the "Letter"), which purported to provide the statutory validation rights required under 15

U.S.C. § 1692g. ***See* Exhibit C.**

30. The Letter states in relevant part:

> **April 01, 2026**
>
> **Michael Witt**
>
> **[...]**
>
> Berman & Robin, P.A is a debt collector. We are trying to collect a debt that you owe to SAFE HAVEN SECURITY SERVICES, LLC. We will use any information you give us to help collect the debt. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.
>
> **Our information shows:**
> You had a Security System with SAFE HAVEN SECURITY SERVICES, LLC bearing account number ****8950
>
> As of 07/16/2025 you owed: $1,349.95
>
> Between 07/16/2025 and today:
>
> You were charged this amount in interest: +$0.00
> You were charged this amount in fees: +$0.00
> You paid or were credited this amount toward the debt: -$0.00
>
> **Total amount of the debt now: $1,349.95**

*See* Exhibit C.

31. This April 1, 2026, letter was a deceptive duplicate, as the legal window to dispute the debt following the actual initial communication in November 2025 (**Exhibit A**) had already expired.

32. This nearly five-month gap and the contradiction of a new dispute deadline left Plaintiff unable to figure out his actual legal rights or which deadline was correct.

33. Giving Plaintiff a new window to dispute a debt through email while actively suing them in court for that same debt makes no sense and is completely misleading and deceptive.

34. Furthermore, the Letter included a specific disclaimer stating: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account". ***See* Exhibit C.**

35. This representation was objectively false and misleading because Defendant's own attorney, Chastity C. Fittro, had already prepared, signed, and filed a formal legal complaint against the Plaintiff in Lawrence County nearly three weeks earlier, on March 10, 2026. ***See* Exhibit B.**

36. Further demonstrating the deceptive nature of this claim, on April 2, 2026—only one day after claiming "no attorney review" the Defendant sent a subsequent communication confirming the existence of the pending lawsuit. ***See* Exhibit D.**

37. Defendant's conduct in issuing a "no attorney review" disclaimer while actively litigating the same account is a deceptive means to collect a debt and constitutes a misrepresentation of the level of attorney involvement in violation of 15 U.S.C. § 1692e.

38. This deceptive statement directly caused Plaintiff significant confusion, frustration, and uncertainty regarding the true legal status of the alleged debt.

39. A reasonable consumer in Plaintiff's position would be misled into believing that legal proceedings had not yet been thoroughly considered or initiated by a licensed professional, despite a formal complaint already pending in court.

40. This discrepancy left Plaintiff frustrated, anxious, and deeply distressed , as Plaintiff could not tell if Defendant was just sending out automated letters, or if they were actively suing him in court.

41. As a result, Plaintiff was left unsure as to whether he should address the Letter or the lawsuit, or both.

42. As a direct result of Defendant's actions, Plaintiff was forced to spend hours reviewing the contradictory letters, reviewing existing contractual accounts, and seeking legal counsel to preserve his rights against a lawsuit threatening default judgment.

43. Plaintiff has suffered emotional distress, stress, aggravation, and the expenditure of time and resources as a direct result of Defendant's actions.

44. Defendant's representations regarding the status of the debt, its level of attorney involvement, and its collection tactics were false, deceptive, and unfair. These actions constitute clear misrepresentations of the character, amount, and legal status of the debt in violation of 15 U.S.C. §§ 1692e and 1692f.

45. Defendant's unlawful conduct as described above constitutes multiple willful violations of the FDCPA, rendering Defendant liable for statutory damages, actual damages, and reasonable attorney's fees.

46. As a result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692i et seq.

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692i.

49. Pursuant to 15 U.S.C. § 1692i(a)(2), a debt collector who brings a legal action on a debt against a consumer must file that action only in the judicial district where the consumer signed

the contract sued upon, or where the consumer resides at the commencement of the action.

50. Defendant violated § 1692i(a)(2) by

a. filing a debt collection lawsuit against Plaintiff in the Circuit Court of Lawrence County, Arkansas, which is a judicial district where Plaintiff did not reside at the time the action commenced and where Plaintiff did not sign the underlying contract.

51. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692i et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e et seq.

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt

55. Defendant violated §1692e:

a. by issuing an April 1, 2026, validation notice that granted a debt dispute window while simultaneously actively litigating the account in court;

b. by falsely stating that no attorney had personally reviewed the account

circumstances, when in fact, Defendant's attorney had already reviewed, signed, and filed a formal complaint weeks prior; and

c. by utilizing a deceptive duplicate initial communication that purported to create new validation rights long after the original dispute window had expired, misleading the Plaintiff

d. by making a false and misleading representation/omissions in violation of §1692e(10).

56. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f et seq.

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

60. Defendant violated §1692f:

a. by issuing an April 1, 2026, validation notice that granted a debt dispute window while simultaneously actively litigating the account in court;

b. by sending confusing emails that hid the fact that a lawsuit was already filed, putting Plaintiff at risk of missing his court deadline and getting a default judgment.

61. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT IV**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.***

62. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

63. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must send a written notice clearly conveying the consumer's right to dispute the validity of the debt within thirty (30) days of receipt.

64. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65. Defendant violated this section by:

a. Sending multiple initial letters that contained different dispute deadlines.

b. By stating in its initial letter that no attorney had reviewed the file when in fact a lawsuit had already been filed.

c. by issuing an April 1, 2026, validation notice that granted a debt dispute window while simultaneously actively litigating the account in court.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Witt demands judgment from the Defendant as follows:

i. Awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

ii. Awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

iii. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

iv. Providing declaratory relief for the Plaintiff by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

v. Awarding the Plaintiff punitive damages for Defendant's willful and reckless conduct; and

vi. Awarding the Plaintiff any such other and further relief as this Court may deem just and proper.

Dated: June 25, 2026

Respectfully submitted,

**Stein Saks, PLLC**

*/s/ Yaakov Saks*
Yaakov Saks, Esq.
One University Plaza, Ste 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Email: ysaks@steinsakslegal.com
*Attorneys for Plaintiff*

# EXHIBIT A

## SAFE HAVEN SECURITY SERVICES, LLC.

3 messages

**Notification** <Notification@bermanrabin.com>
Reply-To: Berman & Rabin <emailreply@bermanrabin.com>
To: MICHAEL WITT [redacted]>

Tue, Nov 18, 2025 at 5:27 PM

Berman & Rabin PA
TRADITION OF EXCELLENCE

**BERMAN & RABIN, P.A.**
**15280 Metcalf Ave.**
**Overland Park, KS 66223**
**Phone: (888)-677-5048**
**Fax: (913) 649-2335**

November 18, 2025

MICHAEL WITT
[redacted]

Creditor: SAFE HAVEN SECURITY SERVICES, LLC.
Our Account Number: [redacted]

Berman & Rabin, P.A. is a debt collector. We are trying to collect a debt that you owe to SAFE HAVEN SECURITY SERVICES, LLC.. We will use any information you give us to help collect the debt.
At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

---

**Our information shows:**
You had a Security System with SAFE HAVEN SECURITY SERVICES, LLC. bearing account number ****8950
As of 07/16/2025 you owed: $1,349.95

**How can you dispute the debt?**
♦ **Call or write to us by December 23, 2025, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
♦ **If you write to us by December 23, 2025**, we

Between 07/16/2025 and today:
You were charged this amount in interest: + $0.00
You were charged this amount in fees: + $0.00
You paid or were credited this amount toward the debt: - $0.00
Total amount of the debt now: $1,349.95

must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

♦ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by , we must stop collection until we send you that information. You may use the form below or write to us without the form.

♦ **Go to www.cfpb.gov/debt-collection to learn more about your rights under the federal law. For instance, you have the right to stop or limit how we contact you.**

♦ **Contact us about your payment options.**

---

**Mail this form to:**
Berman & Rabin, P.A.
15280 Metcalf Avenue
Overland Park, KS 66223
P.O. Box 24327 – 66283
Phone: (877)-557-1394

MICHAEL WITT
[redacted]

**How do you want to respond?**

To dispute this debt or request creditor information, please visit Feedback form, reply to this email, or return this form to us by fax, e-mail, or U.S. Mail.

*Check all that apply:*

☐ **I want to dispute the debt because I think:**

☐ **This is not my debt**

☐ **The amount is wrong.**

☐ **Other (please describe on reverse or attach additional information).**

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount: $**

**Make your check payable to Berman & Rabin, P.A. Include the reference number 854970**

**We accept checks by phone, post dated checks, and online payments at Payment Form.**

If you'd like to unsubscribe and stop receiving these emails click here .

---

**michael witt** <[redacted] Fri, Dec 5, 2025 at 3:26 PM
To: documents@beyondfinance.com

---------- Forwarded message ---------
From: **Notification** <Notification@bermanrabin.com>
Date: Tue, Nov 18, 2025 at 5:27 PM
Subject: SAFE HAVEN SECURITY SERVICES, LLC.
To: MICHAEL WITT <[redacted]>

Berman & Rabin P.A.

TRADITION OF EXCELLENCE

**BERMAN & RABIN, P.A.**
**15280 Metcalf Ave.**
**Overland Park, KS 66223**
**Phone: (888)-677-5048**
**Fax: (913) 649-2335**

November 18, 2025

MICHAEL WITT
[redacted]

Creditor: SAFE HAVEN SECURITY SERVICES, LLC.
Our Account Number: [redacted]

Berman & Rabin, P.A. is a debt collector. We are trying to collect a debt that you owe to SAFE HAVEN SECURITY SERVICES, LLC.. We will use any information you give us to help collect the debt.
At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

---

**Our information shows:**
You had a Security System with SAFE HAVEN SECURITY SERVICES, LLC. bearing account number ****8950
As of 07/16/2025 you owed: $1,349.95
Between 07/16/2025 and today:
You were charged this amount in interest: + $0.00
You were charged this amount in fees: + $0.00
You paid or were credited this amount toward the debt: - $0.00
Total amount of the debt now: $1,349.95

**How can you dispute the debt?**
♦ **Call or write to us by December 23, 2025, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
♦ **If you write to us by December 23, 2025**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**
♦ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by , we must stop collection until we send you that information. You may use the form below or write to us without the form.

♦ **Go to** www.cfpb.gov/debt-collection **to learn more about your rights under the federal law. For instance, you have the right to stop or limit how we contact you.**

♦ **Contact us about your payment options.**

---

**Mail this form to:**
Berman & Rabin, P.A.
15280 Metcalf Avenue
Overland Park, KS 66223
P.O. Box 24327 – 66283
Phone: (877)-557-1394

MICHAEL WITT
[redacted]

**How do you want to respond?**
To dispute this debt or request creditor information, please visit Feedback form, reply to this email, or return this form to us by fax, e-mail, or U.S. Mail.

*Check all that apply:*
☐ **I want to dispute the debt because I think:**
- ☐ **This is not my debt**
- ☐ **The amount is wrong.**
- ☐ **Other (please describe on reverse or attach additional information).**

☐ **I want you to send me the name and address of the original creditor.**
☐ **I enclosed this amount: $**

**Make your check payable to Berman & Rabin, P.A. Include the reference number 854970**

**We accept checks by phone, post dated checks, and online payments at Payment Form.**

If you'd like to unsubscribe and stop receiving these emails click here .

---

**Beyond Finance Document Processing** <documents@beyondfinance.com> Fri, Dec 5, 2025 at 10:47 PM
Reply-To: Beyond Finance Document Processing <documents@beyondfinance.com>
To: [redacted]

Hi Michael,

You sent us a legal document related to an account that is not included in your debt resolution program. To confirm your enrolled debts, please refer to your Client Dashboard.

---
*Still have questions or concerns?*

Reply above the line and we'll get back to you as soon as possible!
Chat with a Live Agent (24/7)
Call us at (800) 282-7186

- Monday - Friday: 7:00 AM CST - 9:00 PM CST
- Saturday & Sunday: 8:30 AM CST - 5:00 PM CST

Best,
**Client Success Team**
Beyond Finance

On Fri, 5 Dec at 4:27 PM , Michael Witt <adorach72458@gmail.com> wrote:

---------- Forwarded message ---------
From: **Notification** <Notification@bermanrabin.com>
Date: Tue, Nov 18, 2025 at 5:27 PM
Subject: SAFE HAVEN SECURITY SERVICES, LLC.
To: MICHAEL WITT <[redacted]>

Berman & Rabin P.A

TRADITION OF EXCELLENCE

**BERMAN & RABIN, P.A.**
**15280 Metcalf Ave.**
**Overland Park, KS 66223**
**Phone: (888)-677-5048**
**Fax: (913) 649-2335**

November 18, 2025

MICHAEL WITT
[redacted]

Creditor: SAFE HAVEN SECURITY SERVICES, LLC.
Our Account Number: [redacted]

Berman & Rabin, P.A. is a debt collector. We are trying to collect a debt that you owe to SAFE HAVEN SECURITY SERVICES, LLC.. We will use any information you give us to help collect the debt.
At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

---

**Our information shows:**
You had a Security System with SAFE HAVEN SECURITY SERVICES, LLC. bearing account number ****8950
As of 07/16/2025 you owed: $1,349.95
Between 07/16/2025 and today:
You were charged this amount in interest: + $0.00
You were charged this amount in fees: + $0.00
You paid or were credited this amount toward the debt: - $0.00
Total amount of the debt now: $1,349.95

**How can you dispute the debt?**

♦ **Call or write to us by December 23, 2025, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

♦ **If you write to us by December 23, 2025**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

♦ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by , we must stop collection until we send you that information. You may use the form below or write to us without the form.

♦ **Go to www.cfpb.gov/debt-collection to learn**

**more about your rights under the federal law. For instance, you have the right to stop or limit how we contact you.**

- **Contact us about your payment options.**

---

**Mail this form to:**
Berman & Rabin, P.A.
15280 Metcalf Avenue
Overland Park, KS 66223
P.O. Box 24327 – 66283
Phone: (877)-557-1394

MICHAEL WITT
[redacted]

**How do you want to respond?**
To dispute this debt or request creditor information, please visit Feedback form, reply to this email, or return this form to us by fax, e-mail, or U.S. Mail.

*Check all that apply:*
**I want to dispute the debt because I think:**
**This is not my debt**
**The amount is wrong.**
**Other (please describe on reverse or attach additional information).**
**I want you to send me the name and address of the original creditor.**
**I enclosed this amount: $**

**Make your check payable to Berman & Rabin, P.A. Include the reference number 854970**

**We accept checks by phone, post dated checks, and online payments at Payment Form.**

If you'd like to unsubscribe and stop receiving these emails click here .

# EXHIBIT B

854970

DEFENDANT/RESPONDENT COPY

IN THE CIRCUIT COURT OF LAWRENCE COUNTY ARKANSAS
CIVIL DIVISION

SAFE HAVEN SECURITY SERVICES LLC PLAINTIFF

VS. CASE NO. 38CV-26-60

MICHAEL WITT DEFENDANT

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

MICHAEL WITT
[redacted]

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Chastity Fittro, #2002165
CFittro@Bermanrabin.com
P.O. Box 1933
Fayetteville, Arkansas 72702
Phone (913) 363-0242

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT
Michelle Evans
By: Katie M. Watts
Signature of Clerk or Deputy Clerk

Address of Clerk's Office
315 W. MAIN ST
WALNUT RIDGE, AR 72476

Date: March 10th, 2026
@ 10:37 AM

[SEAL]

CIRCUIT COURT OF LAWRENCE COUNTY

# EXHIBIT C

Gmail michael witt <[redacted]>

# SAFE HAVEN SECURITY SERVICES, LLC.

1 message

**Notification** <Notification@bermanrabin.com> Wed, Apr 1, 2026 at 2:11 PM
Reply-To: Berman & Rabin <emailreply@bermanrabin.com>
To: MICHAEL WITT <[redacted]

Berman & Rabin PA
TRADITION OF EXCELLENCE

**BERMAN & RABIN, P.A.**
**15280 Metcalf Ave.**
**Overland Park, KS 66223**
**Phone: (888)-677-5048**
**Fax: (913) 649-2335**

April 01, 2026

MICHAEL WITT
[redacted]

Creditor: SAFE HAVEN SECURITY SERVICES, LLC.
Our Account Number: [redacted]

Berman & Rabin, P.A. is a debt collector. We are trying to collect a debt that you owe to SAFE HAVEN SECURITY SERVICES, LLC.. We will use any information you give us to help collect the debt.
At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**Our information shows:**
You had a Security System with SAFE HAVEN SECURITY SERVICES, LLC. bearing account number ****8950
As of 07/16/2025 you owed: $1,349.95

**How can you dispute the debt?**
♦ **Call or write to us by May 06, 2026, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
♦ **If you write to us by May 06, 2026**, we must

Between 07/16/2025 and today:
You were charged this amount in interest: + $0.00
You were charged this amount in fees: + $0.00
You paid or were credited this amount toward the debt: - $0.00
Total amount of the debt now: $1,349.95

stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

♦ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by , we must stop collection until we send you that information. You may use the form below or write to us without the form.

♦ **Go to** www.cfpb.gov/debt-collection **to learn more about your rights under the federal law. For instance, you have the right to stop or limit how we contact you.**

♦ **Contact us about your payment options.**

---

**Mail this form to:**
Berman & Rabin, P.A.
15280 Metcalf Avenue
Overland Park, KS 66223
P.O. Box 24327 – 66283
Phone: (877)-557-1394

MICHAEL WITT
[redacted]

**How do you want to respond?**
To dispute this debt or request creditor information, please visit Feedback form, reply to this email, or return this form to us by fax, e-mail, or U.S. Mail.

*Check all that apply:*

☐ **I want to dispute the debt because I think:**

☐ **This is not my debt**

☐ **The amount is wrong.**

☐ **Other (please describe on reverse or attach additional information).**

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount: $**

**Make your check payable to Berman & Rabin, P.A. Include the reference number 854970**

**We accept checks by phone, post dated checks, and online payments at Payment Form.**

If you'd like to unsubscribe and stop receiving these emails click here .

# EXHIBIT D

Gmail michael witt <[redacted]>

## SAFE HAVEN SECURITY SERVICES, LLC.

1 message

**Notification** <Notification@bermanrabin.com> Thu, Apr 2, 2026 at 12:35 PM
Reply-To: Berman & Rabin <emailreply@bermanrabin.com>
To: MICHAEL WITT <[redacted]>

Berman & Rabin PA

TRADITION OF EXCELLENCE

BERMAN & RABIN, P.A.
15280 Metcalf Avenue
Overland Park, KS 66223
Phone: (877) 898-1619
FAX: (913) 649-2335

April 02, 2026

MICHAEL WITT
[redacted]

Creditor: SAFE HAVEN SECURITY SERVICES, LLC.
Balance: 1349.95
Our File No.: [redacted]

We have received notification that you were recently served with a lawsuit on behalf of our client. It is important that you contact us as soon as possible to discuss this matter and explore potential resolution options.

We may be able to offer **payment arrangements** or other solutions depending on your circumstances. Our team is available to assist you and answer any questions you may have.

To get started, please contact our office using one of the following methods:
1. **Call:** 877-898-1619
2. **Email:** Reply directly to this message
3. **Online Payment:** Submit payment securely through our Payment Form.

We look forward to working with you toward a resolution.

Sincerely,
Collections Department

This firm is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you'd like to unsubscribe and stop receiving these emails click here .